FILED
09 NOV 20 PM 35
LAURA A. BRIGGS
CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No.** |
| | ) | |
| **v.** | ) | **Count One: 18 U.S.C. § 371** |
| | ) | **(Conspiracy)** |
| **MICHAEL STEVEN SHERFICK,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **1:09-cr-0174WTL-KPF** |

**INFORMATION**

The United States charges that at all times relevant to this Information:

**COUNT ONE**
**18 U.S.C. § 371**
**(Conspiracy)**

**I. Relevant Parties and Entities**

1. PERRY TOWNSHIP was a local government located in Marion County, Indiana. PERRY TOWNSHIP received federal assistance in excess of $10,000 under a federal program involving a grant in 2005, among other years.

2. The PERRY TOWNSHIP CONSTABLE'S OFFICE (hereinafter "PTCO") was a local law enforcement agency of PERRY TOWNSHIP. Pursuant to Indiana law, a law enforcement officer with the PTCO, including, a Deputy Constable, possessed full police powers, including, among others, the authority to carry a firearm and make arrests for criminal offenses in the same manner as police officers in cities within Indiana.

3. From June 2005 through September 2007, defendant MICHAEL STEVEN SHERFICK (hereinafter "SHERFICK") was an agent of PERRY TOWNSHIP and the PTCO.

At times during the relevant period, SHERFICK held the following positions and ranks with the PTCO: Honorary Deputy Constable, Deputy Constable, Executive Assistant, Captain, and Major.

4. PERSONS A through I were citizens and business people from in and around Indiana.

5. COMPANY A was a manufacturer and supplier of law enforcement badges located in White Plains, New York.

6. COMPANY B was a manufacturer and supplier of law enforcement badges located in Ontario, California.

7. COMPANY C was a manufacturer and supplier of law enforcement badges located in Attleboro, Massachusetts.

**II. <u>The Conspiracy</u>**

8. From in or about June 2005 to in or about September 2007, in the Southern District of Indiana and elsewhere, the defendant,

**MICHAEL STEVEN SHERFICK,**

and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit: to corruptly solicit and demand for the benefit of any person and solicit, demand, accept and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions of the PTCO involving $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B).

**III. <u>The Purpose of the Conspiracy</u>**

9. It was a part and an object of the conspiracy for SHERFICK and others to enrich themselves by obtaining substantial funds through fraud and concealment.

10. It was further a part and an object of the conspiracy for SHERFICK and others to obtain benefits for themselves and others through corrupt means.

## IV. Manner and Means of the Conspiracy

11. To further the objects and goals of the conspiracy, SHERFICK and others would, among other things, do the following:

a. Target business persons, including the individuals referenced herein, among others, who wanted to possess and exercise certain powers associated with law enforcement authorities;

b. Solicit and receive payments of money and other things of value in return for PTCO Deputy Constable Badges, Identification Cards, and Parking Placards;

c. Cause PTCO Deputy Constable Badges, manufactured by COMPANY A, COMPANY B, and COMPANY C, among others, to be delivered by mail to defendant SHERFICK in the Southern District of Indiana;

d. Advise the individuals who paid the requested bribes that they would receive a host of benefits and privileges by displaying the PTCO law enforcement credentials, including, the ability to park their vehicles in restricted areas, evade traffic tickets, obtain access to sports events without paying admittance fees, and receive other discounts for goods and services; and

e. Accept bribe payments totaling in excess of $30,000 in return for PTCO law enforcement credentials.

## V. Overt Acts

12. In furtherance of the conspiracy and in order to accomplish its objects, the following overt acts, among others, were committed by one or more of the co-conspirators in the

Southern District of Indiana and elsewhere, including the following transactions in the approximate amounts and dates listed below.

a. In or about June 2005, SHERFICK accepted $250 from PERSON A, a real estate agent, in return for a PTCO Parking Placard;

b. In or about March 2006, defendant SHERFICK caused a package containing PTCO Deputy Constable Badges, manufactured by COMPANY C, to be sent by a commercial interstate carrier, to wit: United Parcel Service, from Massachusetts to Indiana, according to the directions thereon;

c. In or about May 2006, SHERFICK accepted $3,000 from PERSON B, the owner of a restaurant and bar, in return for a PTCO Deputy Constable Badge, Identification Card, and Parking Placard;

d. In or about June 2006, SHERFICK accepted $2,500 from PERSON C, the chief executive officer of a health care company, in exchange for a PTCO Deputy Constable Badge, Identification Card, and Parking Placard;

e. In or about July 2006, SHERFICK provided PERSON D, the owner of a software company, with a PTCO Deputy Constable Badge, Identification Card, and Parking Placard in exchange for an in-house credit at a restaurant in the amount of $2,500;

f. In or about November 2006, PERSON E, a finance manager for a car dealership, paid SHERFICK $3,000 in exchange for a PTCO Deputy Constable Badge, Identification Card, and Parking Placard;

g. In or about December 2006, SHERFICK agreed to provide PERSON F, the owner of a home theater electronics store, with PTCO law enforcement credentials in exchange for $5,000. SHERFICK supplied PERSON F with a PTCO Deputy Constable Badge,

Identification Card, and Parking Placard. In return, PERSON F gave SHERFICK $2,500 in cash, and an in-house credit at a home theater electronics store, owned by PERSON F, valued at $2,500;

h. In or about December 2006, SHERFICK accepted $2,500 from PERSON G, the president of a construction company, in exchange for a PTCO Deputy Constable Badge, Identification Card, and Parking Placard;

i. In or about December 2006, SHERFICK provided PERSON H, the owner of a restaurant, with a PTCO Deputy Constable Badge, Identification Card, and Parking Placard. In return, PERSON H gave SHERFICK $2,000 in cash. PERSON H also gave SHERFICK an in-house credit at a restaurant, owned by PERSON H, in the amount of $1,500.

j. In or about April 2007, SHERFICK accepted $6,000 from PERSON I, the chief executive officer of a management consulting services firm. In return, SHERFICK provided PERSON I with a PTCO Deputy Constable Badge, Identification Card, and Parking Placard; and

k. In or around June 2007, PERSON I gave SHERFICK an additional $2,500 in exchange for a letter on PTCO letterhead which stated that PERSON I was a PTCO Deputy Constable who was authorized to exercise full police powers within Indiana.

**All in violation of Title 18, United States Code, Section 371**

WILLIAM M. WELCH II
Chief
Public Integrity Section

Justin V. Shur
Trial Attorney
Public Integrity Section

Date: 11/10/09