FILED
U.S. DISTRICT COURT
09 NOV 20 PM 3:35
SOUTHERN DISTRICT OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL STEVEN SHERFICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | 1:09-cr-0174 WTL-KPF |

# PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and MICHAEL STEVEN SHERFICK (hereinafter referred to as the "defendant") enter into the following agreement:

**Charges and Statutory Penalties**

1. The defendant agrees to plead guilty to Count One of the Information, Conspiracy in violation of Title 18, United States Code, Section 371.

2. The defendant understands that the offense of conspiracy has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

(i) First, that the defendant and at least one other person made an agreement to commit the crime of bribery concerning programs receiving federal funds, which has the following elements: (a) the defendant was an agent of an organization, a state, local or tribal government, or an agency of a state, local, or tribal government; (b) the organization, state or local government, state or local government agency, or tribal government, received federal

assistance in excess of $10,000 in a one-year period; (c) the federal assistance was under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or other form of federal assistance; (d) the one-year period of federal assistance was within twelve months before or after the commission of the offense; (e) the defendant solicited and demanded for the benefit of any person, and accepted and agreed to accept, a thing of value from any person; (f) the defendant intended to be influenced and rewarded in connection with a transaction and series of transactions of the organization or agency that involved $5,000 or more; and (g) the defendant acted corruptly;

b. Second, that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

c. Third, that the defendant or one of his co-conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

3. The defendant understands that, pursuant to 18 U.S.C. § 371, the offense of conspiracy carries a maximum sentence of 5 years of imprisonment, a fine of not more than $250,000.00 pursuant to 18 U.S.C. § 3571, a $100.00 special assessment, a five (5) year term of supervised release, an order of restitution, an obligation to pay any applicable interest or penalties on fines or restitution not timely made, and disqualification from holding any office of honor, trust, or profit under the United States.

4. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached factual basis or for any conduct of the defendant now known to the Public Integrity Section and to the law enforcement agents

working with the Public Integrity Section on the present investigation. Nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5. The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

6. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the

statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the Court, except as expressly provided in this plea agreement.

**Sentencing Guidelines Stipulations**

9. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual, effective November 1, 2008 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a. Offense Level under the Guidelines

The parties agree that the Sentencing Guidelines applicable to the offense to which the defendant is pleading guilty are U.S.S.G. § 2X1.1 which applies to "Attempt, Solicitation, or

Conspiracy" and U.S.S.G. § 2C1.1 which applies to, among other things, "Offering, Giving, Soliciting, or Receiving a Bribe."

The parties agree to recommend the following Sentencing Guidelines calculations for the offense of conspiracy as charged in Count One of the Information:

Base offense level..........................................................................14
U.S.S.G. §§ 2X1.1(a), 2C1.1(a)(1)

More than one bribe...........................................................+2
U.S.S.G. § 2C1.1(b)(1)

Value of payment received over $30,000.......................................+6
U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)(D)

High-level decision-making or sensitive position............................+4
U.S.S.G. § 2C1.1(b)(3)

Government identification document.............................................+2
U.S.S.G. § 2C1.1(b)(4)(C)

Obstruction......................................................................................+2
U.S.S.G. § 3C1.1

Total offense level...........................................................................30

b. Acceptance of Responsibility

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

i. Fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

ii. Challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

iii. Denies involvement in the offense;

iv. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the probation office;

v. Fails to give complete and accurate information about the defendant's financial status to the probation office;

vi. Obstructs or attempts to obstruct justice, prior to sentencing;

vii. Has engaged in conduct prior to signing this plea agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this plea agreement;

viii. Fails to appear in Court as required;

ix. After signing this plea agreement, engages in additional criminal conduct; or

x. Attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the defendant's applicable Guidelines Offense Level is 27.

c. Criminal History Category

Based upon the information now available to the United States (including representations by the defense), the defendant's Criminal History Category is I.

d. Applicable Guideline Range

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 70 to 87 months (the "Stipulated Guidelines Range"). The defendant's sentence, however, is capped by a statutory maximum sentence of five years of imprisonment.

**Agreement as to Sentencing Allocution**

10. The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

11. In support of any variance argument, the defendant agrees to provide to the United States reports, motions, memoranda of law and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

**Court Not Bound by the Plea Agreement**

12. It is understood that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations

different from any stipulations contained in this agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Appeal Waiver**

13. The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by the United States in this agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

14. The defendant further understands that nothing in this agreement shall affect the Public Integrity Section's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By

signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the Seventh Circuit or Supreme Court cases decided after the date of this agreement that are held by the Seventh Circuit or Supreme Court to have retroactive effect.

**Restitution**

16. In addition to the other penalties provided by law, the Court may also order the defendant to make restitution under 18 U.S.C. § 3663. The defendant understands that restitution may be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the charge to which the defendant agrees to plead guilty.

**Release/Detention**

17. The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

**Breach of Agreement**

18. The defendant understands and agrees that if, after entering into this agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this agreement. In the event of such a breach: (a) the United States will be free from its obligations under this agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including the defendant's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

19. The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these rules.

20. The defendant understands and agrees that the United States shall only be required to prove a breach of this agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this agreement.

21. Nothing in this agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant

from prosecution for any crimes not included within this agreement or committed by the defendant after the execution of this agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

22. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any conduct of the defendant that the United States has agreed not to prosecute pursuant to this agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

**Complete Agreement**

23. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

24. The defendant further understands that this agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This agreement does not bind the Civil Division or any United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

25. If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing this agreement in the space indicated below and returning the original to me once it has been signed by the defendant and by you or other defense counsel.

Respectfully submitted,

WILLIAM M. WELCH II
Chief
Public Integrity Section

By: ______________________________
Justin V. Shur
Trial Attorney
Public Integrity Section

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalty for that offense and the potentially applicable Sentencing Guideline penalties. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the allegations against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: Nov. 11, 2009

MICHAEL STEVEN SHERFICK
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of this Plea Agreement fully with my client. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 11/11/09

#631-49
James H. Voyles
Attorney for the defendant