UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0174-WTL-MJD |
| | ) | |
| MICHAEL SHERFICK, | ) | |
| Defendant. | ) | |

## <u>MAGISTRATE JUDGE-S REPORT AND RECOMMENDATION</u>

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on March 18, 2013, designating the Duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on March 15, 2013, and to submit to Judge Lawrence proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. ''3401(i) and 3583(e).

All proceedings were held April 2, 2013 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]   Mr. Sherfick appeared in person with his retained counsel, James Voyles.   The government appeared by Mark Cipolletti, Assistant United States Attorney.    U. S. Parole and Probation appeared by Patrick Jarosh,   U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.   *See,* Title 18 U.S.C.   ' 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. ' 3583:

1.   James Voyles, was present to represent Mr. Sherfick in regard to the pending Petition for Revocation of Supervised Release.

2.   A copy of the Petition for Revocation of Supervised Release was provided to Mr. Sherfick and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3.   Mr. Sherfick was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.   Mr. Mr. Sherfick was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.   Mr. Sherfick was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.   That if the preliminary hearing resulted in a finding of probable cause that Mr. Sherfick had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence=s designation.

7.   Mr. Sherfick stated his readiness to waive the preliminary hearing regarding the Petition now under consideration.   Mr. Sherfick filed a written waiver of the preliminary hearing and he was held to answer.

8.  Mr. Voyles stated that Mr. Sherfick would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release numbered 1, 2, 3, 4, 5, 6, 7 and 8, set forth in the Petition.

9.  Mr. Sherfick, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **AThe defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weaposn.@** |
| | On February 26, 2013, a search was completed of the offender's vehicle and residence.   During the search, an expandable baton and knife were discovered in the offender's vehicle.   A second expandable baton was found in his son's room.   The offender admitted possessing the batons for protection, despite his conditions of supervision. |
| 2 | **AThe defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.@** |
| | In November 2012, the offender submitted a monthly report for October which failed to disclose vehicle information and an expenditure over $500.   Specifically, the probation officer learned during the February 26, 2012 search, he had purchased a 2007 Chevrolet Suburban for $11,640.72 and failed to include this vehicle's information on his report |
| | In December 2012, and January and February 2013, the offender submitted monthly reports which failed to disclose his possession of the 2007 Chevrolet Suburban. |
| | Also in February 2013, the offender submitted a monthly report for January which failed to disclose an expenditure over $500.   The search on February 26, 2013, yielded a receipt which indictates he purchased $5,730.26 worth of furniture in January 2013. Additionally, on the monthly report, he failed to disclose contact |

with law enforcement on January 24, 2013, when he was issued a traffic ticket by an Indianapolis Metropolitan Police Officer (see violation number 5).

3          A**The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**@

4          A**The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.**@

On January 8, 2013, the offender advised the probation officer he is not on the lease for 1609 North Delaware Street, Indianapolis, where he has resided since December 15, 2012.   During the search of his property February 26, 2013, a lease was found which had his mother and him listed as the lessees.   The offender admitted not being truthful with this officer concerning being on the lease.

On the morning of February 26, 2013, when the probation officer arrived at the offender's house and received no answer at the door, the offender was contacted by telephone.   He advised the probation officer he was in Carmel, Indiana, at the time, and he was instructed to return immediately to his residence.   During a later telephone conversation, he indicated he was on South Keystone Avenue, Indianapolis, only "12 minutes away."   It was later learned the offender was actually less than a few blacks away from residence the entire time.   In the course of these two conversations, the offender was instructed to return to his residence; however, it took him approximately 2 ½ hours to arrive.   The offender reported he did not return because he was "scared" and afraid he was about to be arrested.

By refusing to return to his residence, he attempted to prevent the probation officer from visiting him at his residence and the potential confiscation of contraband.

5          A**The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**@

The February 26, 2013, search yielded evidence the offender was stopped by an Indianapolis Metropolitan Police Officer on East Fall Creek Parkway North Drive on January 24, 2013, for speeding. The offender received a citation and failed to report this law enforcement contact to this offer.

A review of the defendant's cell phone messages showed on February 4, 2013, the offender received a voice mail message from Carmel Police Officer Scott Bickle.  According to Officer Bickle, the offender returned his call within two days of the message.  The call was regarding an investigation involving the offender's purchase of the 2007 Chevrolet Suburban.  Allegedly, the offender wrote a check for this vehicle in October 2012 for $11,640.72.  The offender stopped payment on the check and the dealership was unable to cash it.  The offender cited the vehicle not working property as his reason for stopping payment.  The offender later paid the dealership #3,889.24 and signed a Promissary Note indicting he would pay the remainder (see violation number 7); however, he failed to do so.  There has been a theft investigation opened in this case; however, no formal charges have been filed to date.

**6**        *A***The defendant shall pay any fine that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.**@

Prior to the start of his supervised release, on January 13, 2012, while a resident of the Residential Reentry Center (RRC), the offender advised he would borrow funds from his employer in order to satisfy his fine.   However, it was later learned the offender is the owner of the business he referred to and was misleading this officer as well as RRC staff, who were charged with verifying his employment.  He was obtaining passes out to work and instead was found to be running personal errands.   Upon release from the RRC, the offender failed to satisfy his fine balance.   Although the offender has made payments totaling $4,230 and he has demonstrated the ability to pay the fine balance in full, he has elected not to do so.

Since his release, the offender has been found to have hight bable bills due to pay-per-view movies and a subscription to the Playboy Channel.  He has purchased over $5,000 worth of furniture, a vehicle for over $11,000, an iPad for nearly $500, loaned a friend $700, retained a divorce attorney for $2,000, and had an invoice to renew Indianapolis Colts season tickets for $1,454.  Upon starting

supervision, he reported his monthly income to be $7,000; however, he now reports it to be $1,500.   He cited the reduction in pay is due to not being able to travel for employment.   It is also noted in May 2012, he indicated his gross monthly income to be $21,000.   In December 2012, he noted his gross monthly income to be $39,000.

7          AThe defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.@

8          AThe defendant shall not be employed or serve any organization in a law enforcement or fiduciary capacity without permission of the probation officer.@

As previously mentioned, the February 26, 2013, search resulted in evidence that in January 2013, the offender signed a Promissary Note in October 2012 for payment of $7,760.28 for the purchase of the aforementioned 2007 Chevrolet Suburban, and he purchased furniture from Furniture for Less via a MasterCard in January 2013 for $5,730.26.   He also purchased an iPad in Jaury 2013 for $417.28 via a Visa credit card.

On February 26, 2013, the offender was found in possession of six bank and credit cards bearing both is name and the company he owns.   The offender never disclosed these cards or received permission to open additional lines of credit via these cards.   The offender has been instructed to produce the statements for these cards; however, he has failed to provide them.

The offender reported that any purchases made via these cards were for business purposes and he had permission from his company to make these purposes.

The Court placed Mr. Sherfick under oath and directly inquired of Mr. Sherfick whether he admitted violations of the specifications of his supervised release set forth above.   Mr. Sherfick stated that he admitted the above violations as set forth above.

Counsel for the parties further stipulated to the following:

1)      Mr. Sherfick has a relevant criminal history category of I, U.S.S.G. ' 7B1.4(a);

2)       The most serious grade of violation committed by Mr. Sherfick constitutes a Grade C violation, pursuant to U.S.S.G. ' 7B1.1(b);

3)      Pursuant to U.S.S.G. ' 7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Sherfick is 3-9 months;

4)      The parties agreed on the appropriate disposition of the case as follows:

   (a)   that modification was the appropriate disposition of the case;

   (b) that Mr. Sherfick is to be placed on house arrest for sixty (60) days at his residence and only permitted out for employment, religious services, medical and other activities approved by his probation officer;

   (c) that Mr. Sherfick pay his fees within one (1) year;

   (d) that Mr. Sherfick be subject to search provisions of his residence, motor vehicle and his person;

   (e) that Mr. Sherfick is permitted to travel outside the Southern District of Indiana for business purposes and business activities only and he is to provide at least five (5) working days notice to his probation officer for approval; and

   (f) that Mr. Sherfick is subject to the previously-ordered conditions of supervised release imposed at sentencing.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Michael

Sherfick,   violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release.   The defendant=s supervised release is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Sherfick stipulated in open court waiver of the following:

1.   Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2.   Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Sherfick entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying Michael Sherfick=s supervised release.

IT IS SO RECOMMENDED this   04/09/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mark John Cipolletti
Assistant U. S. Attorney
US Department of Justice
Bond Building, Room 12307
1400 New York Avenue, NW
Washington, DC 20530

James Voyles
Voyles Zahn Paul Hogan and Merriman
141 East Washington Street
Suite 300
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal