UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cr-0174-WTL-MJD |
| ) | |
| MICHAEL SHERFICK, ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on April 30, 2013, designating the Duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on April 24, 2013, and to submit to Judge Lawrence proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. ''3401(i) and 3583(e).

All proceedings were held May 16, 2013 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]  Mr. Sherfick appeared in person with his retained counsel, James Voyles.  The government appeared by Mark Cipolletti, Assistant United States Attorney.  U. S. Parole and Probation appeared by Patrick Jarosh, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C. '3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. ' 3583:

1. James Voyles, was present to represent Mr. Sherfick in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Sherfick and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Sherfick was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mr. Sherfick was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Sherfick was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Sherfick had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence=s designation.

7. Mr. Sherfick stated his readiness to waive the preliminary hearing regarding the Petition now under consideration. Mr. Sherfick filed a written waiver of the preliminary hearing and he was held to answer.

8. Mr. Voyles stated that Mr. Sherfick would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release numbered 9, set forth in the Petition.

9.  Mr. Sherfick, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 9 | "The defendant shall not commit another federal, state or local crime." |
| | On April 3, 2013, the offender was involved in an altercation with Wilfred Denny, who was attempting to repossess the offender's vehicle. During the incident, the offender allegedly pushed Denny, used his body to attempt to force him out of the vehicle, and struck Denny's hands repeatedly with keys, resulting in cuts to Denny's hands. Carmel Police Department officers responded and found the repossession to be valid. At the time of the incident, Denny declined to pursue criminal charges against the offender. However, Denny indicated the next day he felt pain in his shoulder, arm, and hand and reported he will be filing a police report and pursuing charges. Responding law enforcement has advised this officer that had Denny wanted to press battery charges against the offender at the time of the incident, an arrest would have been made. The offender admitted to this officer only that he shut a car door on Denny's hand. |

The Court placed Mr. Sherfick under oath and directly inquired of Mr. Sherfick whether he admitted the violation of the specifications of his supervised release set forth above. Mr. Sherfick stated that he admitted the above violation as set forth above.

Counsel for the parties further stipulated to the following:

1)  Mr. Sherfick has a relevant criminal history category of I, U.S.S.G. § 7B1.4(a);

2)  The most serious grade of violation committed by Mr. Sherfick constitutes a Grade C violation, pursuant to U.S.S.G. § 7B1.1(b);

       3)      Pursuant to U.S.S.G. ' 7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Sherfick is 3-9 months;

       4)      The parties agreed on the appropriate disposition of the case as follows:

       (a) that Mr. Sherfick is to be placed on house arrest at his residence for thirty (30) days at or until he receives a report date for self-surrender to the Federal Bureau of Prisons;

       (b) that Mr. Sherfick is to pay the remaining balance of restitution in the amount of $30,070.00 within thirty (30) day from the date of the supervised release violation hearing.

       (c) that upon designation by the Federal Bureau of Prisons, Mr. Sherfick would serve a sentence of nine (9) months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Michael Sherfick, violated the specified condition of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant=s supervised release is therefore **REVOKED** as set forth above.

The Magistrate Judge requests that Patrick Jarosh, U. S. Parole and Probation officer, prepare for submission to the Honorable William T. Lawrence, Judge, as soon as practicable, a supervised released revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Sherfick stipulated in open court waiver of the following:

    1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

    2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Sherfick entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Michael Sherfick=s supervised release.

IT IS SO RECOMMENDED this May 17, 2013

*[signature]*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mark John Cipolletti
Assistant U. S. Attorney
US Department of Justice
Bond Building, Room 12307
1400 New York Avenue, NW
Washington, DC 20530

James Voyles
Voyles Zahn Paul Hogan and Merriman
141 East Washington Street

Suite 300
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal